**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEION M. HILL, | Case No. 2:23-cv-00780-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| CHRISTOPHER DARCEY, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Plaintiff also submitted a complaint.  Docket No. 1-1.[1]

**I.    *In Forma Pauperis* Application**

Plaintiff filed an amended affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.   Accordingly, the amended request to proceed *in forma pauperis* (Docket No. 5) will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] Concurrently herewith, the undersigned is issuing a report and recommendation that the claim against the Nevada Highway Patrol be dismissed.  This screening order is limited to the excessive force claim alleged against Defendant Darcey.

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts a claim for excessive force against Defendant Darcey, who is an officer with the Nevada Highway Patrol.[2]  A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The Fourteenth Amendment's Due Process Clause applies to protect individuals who have not yet been convicted of a crime from the use of excessive force that amounts to punishment."  *Gaspar v. Cnty. of Los Angeles*, 2018 WL 3013264, at *4 (C.D. Cal. June 13, 2018) (collecting cases).  A plaintiff must show "that the force purposely or knowingly

---

[2] Page 2 of the application to proceed *in forma pauperis* is actually supposed to be page 2 of the complaint, Docket No. 1 at 2, and the Court treats that page as part of the pleading.

used against him was objectively unreasonable" in light of the facts and circumstances confronting them, without regard to their mental state. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether the use of force was reasonable, the Court should consider factors including, but not limited to:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397.

In this case, the complaint alleges that Plaintiff was in an automobile accident, after which he was robbed by assailants. Docket No. 1-1 at 3. When Defendant Darcey arrived at the scene, he "put his knees in [Plaintiff's] back and stayed on top of [Plaintiff]" until his ribs broke, his shoulder was dislocated, and he bled from the mouth. *See id.* at 3-4. Plaintiff was then taken to the hospital in an ambulance. *Id.* at 4. Although the other circumstances of the force used are not detailed with great specificity, the Court must construe the allegations liberally and finds that they suffice for the purposes of the threshold screening process. *Cf. Gaspar*, 2018 WL 3013264, at *4.[3]

Accordingly, the excessive force claim against Defendant Darcey may proceed past the screening phase.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's amended request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee of $402. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[3] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service.  The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[4]  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: May 22, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[4] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

4