UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Keion M. Hill,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Christopher Darcey, et al.,<br><br>　　　　　　Defendants | Case No.: 2:23-cv-00780-CDS-NJK<br><br>**Order Adopting Magistrate Judge's Report and Recommendation and Denying as Moot Plaintiff's Motion to Proceed with Complaint**<br><br>[ECF Nos. 3, 7] |

　　　　Pro se plaintiff Keion M. Hill brings this civil-rights and tort action against defendants Christopher Darcey and the Nevada Highway Patrol. *See generally* Compl., ECF No. 5. His allegations arise out of an alleged excessive-force incident after a traffic accident and robbery. *Id.* Magistrate Judge Nancy J. Koppe granted Hill's application to proceed in forma pauperis and determined that Hill states a colorable excessive-force claim against Darcey. Order, ECF No. 4. Judge Koppe also recommends that I dismiss part of Hill's complaint with prejudice. R&R, ECF No. 3. The deadline for Hill to file an objection to the report and recommendation (R&R) was June 6, 2022. LR IB 3-2. The day before the deadline, Hill filed a filed a "motion to proceed with complaint," which I liberally construe as an objection to the R&R. Mot. To Proceed, ECF No. 7.

I.　　**Legal standard**

　　　　As an initial matter, Hill is proceeding pro se, so his filings are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se pleadings must be liberally construed, especially when civil-rights claims are involved. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When a party timely objects to a magistrate judge's R&R, the court is required to "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A

magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. *Id.*; Fed. R. Civ. P. 72(a); LR IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

I. Discussion

Judge Koppe recommends that the claim against Nevada Highway Patrol be dismissed with prejudice because "[s]tates, and arms of the states, are not considered 'persons' for purposes of claims brought pursuant to 42 U.S.C. § 1983." ECF No. 3 (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Because the Nevada Highway Patrol is an arm of the state of Nevada, it is immune from federal damages claims under the Eleventh Amendment. *Id.* Thus, Judge Koppe properly identifies that federal law does not permit state entities to be sued for monetary damages, which is what Hill attempts here. *Id.* As Judge Koppe points out, because such claims are not permitted, amendment of this claim would be futile. *See* ECF No. 3 at 1. And "[a] district court does not err in denying leave to amend where the amendment would be futile[.]" *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).

In Hill's motion to proceed with complaint, which I liberally construe as an objection to the R&R, Hill asserts that "Darcey should have to face what he did in court[.]" ECF No. 7. Hill's objection seems to reflect a misunderstanding of the magistrate judge's findings. While the R&R correctly identifies that the claims against the Nevada Highway Patrol cannot proceed, it does not address the allegations against Darcey. Judge Koppe previously screened Hill's complaint and determined that the allegations are sufficient, at this stage, to plead that Darcey knowingly used unreasonable force. ECF No. 4. That screening order still stands. Thus, Hill's

Fourth Amendment excessive-force claim against Darcey will proceed as discussed in Judge Koppe's order. ECF No. 4. To be clear, the only remaining defendant in this case is Darcey.

Because the excessive-force claim against Darcey will proceed and the Clerk of Court has issued a summons to Darcey, Hill's "motion to proceed with complaint" is denied as moot. Finally, based on my consideration of the record and the law, I find Judge Koppe's R&R to be well reasoned and conclude that it is neither clearly erroneous nor contrary to the law. Now that I have adopted the R&R, this case will proceed along the normal litigation track against Darcey for Hill's claim of excessive force.

## II. Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's R&R [ECF No. 3] is **ADOPTED** in its entirety.

IT IS FURTHER ORDERED that Hill's claim seeking money damages against the Nevada Highway Patrol is DISMISSED with prejudice. Because no claims remain against defendant Nevada Highway Patrol, the Clerk of Court is directed to dismiss that defendant from this case.

IT IS FURTHER ORDERED that the Fourth Amendment excessive-force claim against Christopher Darcey may proceed. Thus, Hill's motion to proceed with complaint **[ECF No. 7] is DENIED** as moot.

DATED: June 13, 2023

_____
Cristina D. Silva
United States District Judge

3