**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Keion M. Hill, | Case No.: 2:23-cv-00780-CDS-NJK |
| Plaintiff | |
| | **Order Adopting Magistrate Judge's Report and Recommendation and Closing Case** |
| v. | |
| Christopher Darcey, | [ECF No. 21] |
| Defendant | |

Pro se plaintiff Keion M. Hill brings this civil-rights suit against defendant Christopher Darcey alleging use of excessive-force. Compl., ECF Nos. 1-1; 5. After screening the complaint, Magistrate Judge Nancy Koppe granted Hill's application to proceed in forma pauperis and found that Hill states a colorable excessive-force claim against Darcey. Order, ECF No. 4. Now, Judge Koppe recommends that I dismiss Hill's complaint for his failure to participate in the discovery planning process, failure to comply with court orders, and his failure to prosecute this case. R&R, ECF No. 21. Hill did not object to the R&R.[1] Although I am not required to review Judge Koppe's R&R,[2] I nonetheless conduct a de novo review and agree with her findings. While dismissal is a drastic sanction, I find that it is appropriate under the circumstances here.

---

[1] The deadline to do so was November 16, 2023. ECF No. 21; *see* 28 U.S.C. § 636(b)(1); LR IA 3-1(a) (stating that parties wishing to object to the R&R must file objections within fourteen days). It is possible that Hill did not receive a copy of the R&R because his mail was returned undeliverable. *See* ECF No. 22. However, failure to maintain a current address is a violation of Local Rule IA 3-1, which requires that a pro se party file with the court written notification of any change of mailing address, email address, or telephone number. LR IA 3-1. Failure to do so rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. *Id.*

[2] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."); *see also Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

I.     **Background**

In the R&R, Judge Koppe describes in detail the events underpinning her recommendation of dismissal. *See generally* ECF No. 21. Specifically, Hill failed to meet and confer with defendant to plan for discovery as required by Rule 26(f) of the Federal Rules of Civil Procedure. ECF No. 16. Hill was cautioned that he "must meet his litigation obligations and deadlines[.]" *Id.* After Hill's continued failure to participate in formulating a discovery plan, Judge Koppe ordered him to appear for a status hearing. ECF No. 18. He was warned that "[f]ailure to attend may result in the imposition of sanctions, up to and including dismissal." *Id.* Hill failed to appear for the hearing. ECF No. 19. Judge Koppe then ordered Hill to show cause why this case should not be dismissed. ECF No. 20. Hill was warned that failing to respond to the order to show cause would result in a recommendation that the case be dismissed. *Id.* at 2. Hill did not respond, nor did he request more time to do so.

II.    **Legal standard**

A district court may dismiss an action for failure to comply with any order of the court or comply with local rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) *as amended* (May 22, 1992); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *see also Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address). When considering whether the "harsh sanction" of dismissal is appropriate, the court must examine five balancing factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012).

III.   **Discussion**

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal here. The third factor,

1  risk of prejudice to defendants, also weighs in favor of dismissal. Indeed, a presumption of injury

2  arises from unreasonable delay in prosecuting an action. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524

3  (9th Cir. 1976). Further, a defendant is prejudiced if the plaintiff's actions impair the defendant's

4  ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l.*

5  *Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The record of Hill's unreasonable delay is

6  clear. Hill was well aware of his need to participate in discovery planning and has not offered a

7  reasonable explanation for his delay.

8      The fourth factor, the public policy favoring disposition of cases on their merits, by

9  definition, weighs against dismissal. At the same time, a case that is stalled or unreasonably

10  delayed by a party's failure to comply with orders and deadlines cannot move toward resolution

11  on the merits. So, while this factor weighs against dismissal, its weight is significantly

12  diminished by the fact that Hill's failure to prosecute and failure to comply with court orders

13  impedes this case from moving toward disposition on the merits.

14      The fifth factor requires the court to consider whether less drastic alternatives can be

15  used to correct the party's failure that effectuated the court's need to consider dismissal. *Yourish*

16  *v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

17  alternatives before the party has disobeyed a court order does not satisfy this factor); *accord*

18  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

19  force of" earlier Ninth Circuit cases that "implicitly accept[] pursuit of last drastic alternatives

20  prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial

21  granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have

22  been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before

23  finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v.*

24  *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

25      When a party has steadfastly refused to comply with court orders and has demonstrated

26  a habitual pattern of disregarding discovery obligations, terminating sanctions are appropriate

and even necessary to preserve the integrity of the judicial process. *Valley Engineers v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate."). Litigation cannot progress without compliance of court orders; given that Hill has chosen to ignore multiple court orders, and several explicit warnings that noncompliance would result in dismissal, setting another deadline is not a meaningful alternative. Thus, I find that there is no lesser, alternative sanction that would secure Hill's compliance.

Further, I note that Hill should have reasonably known that dismissal would result from his noncompliance because he similarly failed to comply with court orders in *Hill vs. Well Care, et al.*, 2:23-cv-00762-CDS-NJK, and that matter was dismissed. Based on that experience, Hill knew the consequences of his unilateral refusal to comply. *Id.* at ECF No. 9. Taken together, between Hill's refusal to participate in the discovery process, repeated failure to comply with court orders, and apparent abandonment of this case, I find that the five balancing factors weigh in favor of dismissal. Thus, I find that Judge Koppe's recommendation that case-terminating sanctions are now warranted is not clearly erroneous or contrary to law.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that the Magistrate Judge's R&R **[ECF No. 21] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the plaintiff's complaint **[ECF No. 5] is DISMISSED with prejudice**. The Clerk of Court is kindly instructed to close this case.

DATED: December 8, 2023

_____
Cristina D. Silva
United States District Judge

4